**Gwendolyn M. MITCHELL, Appellant,**

v.

**The AETNA CASUALTY & SURETY COMPANY, Appellee.**

**No. 09–86–113–CV.**

Court of Appeals of Texas, Beaumont.

Dec. 18, 1986.

Rehearing Denied Jan. 7, 1987.

John D. Stone, Stone & Stone, Beaumont, for appellant.

David E. Bernsen, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Gwendolyn M. Mitchell, as plaintiff below, filed suit in federal court against her employer, Laborers' International Union of North America, Local 870, and a fellow employee, Lockwood Brooks, who had struck her. Plaintiff settled the federal court case for $1,500.00, and then proceeded against her employer's workers' compensation insurer, defendant below, in state court. Defendant filed a motion for summary judgment, which was granted, and from which plaintiff has perfected appeal to this court.

While *TEX.REV.CIV.STAT.ANN. art. 8307, sec. 6a* (Vernon Supp.1986)[1] was argued to the trial court, this statute has no application to the case at bar, since it applies to third parties, not the employer.

In Texas, an action to recover damages for personal injuries by an employee in the course of employment, or for damages resulting from death must be brought against the employer's workers' compensation insurance company, if the employer is a subscriber under the Act. *TEX.REV. CIV.STAT.ANN. ART. 8306, sec. 2* (Vernon Supp.1986).

"With this as the evident spirit[2] and design of the Act in the employee's interest, his entering the service of an employer who in his business pursuit is governed by the Act, or his remaining, after notice duly given, in the service of an employer who has adopted its plan of compensation and become subject to it, is made to operate as a waiver of any cause of action against the employer on ac-

---

1. "Art. 8307, sec. 6a. Recovery from third person; subrogation; attorney's fees. [in part]

"Sec. 6a. (a) If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law. If the claimant is a beneficiary under the death benefits provisions of Section 8a, Article 8306, Revised Civil Statutes of Texas, 1925, as amended, a judgment shall not constitute an election but the amount of such recovery shall first pay costs and attorney's fees and then reimburse the association, and if there be any excess it shall be paid to the beneficiaries in the same ratio as they received death benefits and the association shall suspend further payments of benefits until the suspended benefits shall equal the amount of such excess at which time benefits shall be resumed. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries...."

2. The removal of common law defenses.

**524**

count of any injury suffered in the course of employment, except for exemplary damages in behalf of a surviving husband, wife, or heirs, as already noted."

*Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, 560 (1916). However, *Middleton* goes on to explain (at 560) that it is the character of injuries, or wrongs, that is important:

> "Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, *its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited.*" (emphasis added)

■ Plaintiff's suit in the federal court was one "in equity authorized and instituted pursuant to Title 7 of the Civil Rights Act of 1964, 42 USC, Sec. 2000(c) et seq." The suit alleged sexual harassment and sexual discrimination by defendant Brooks, and negligent hiring by the employer, and prayed for a judgment "declaring that defendants violated Title 7 of the Civil Rights Act of 1964...." Neither the attorneys involved in this appeal, or this court has found any authority precisely concerning the question of this appeal, but from the language of *Middleton, supra,* quoted above, as well as, we hope, common sense, we do not believe the claim filed in the federal court resulted in the exclusive remedy discussed by some of our courts.[3]

We, therefore, hold that a fact issue was presented by plaintiff, reverse the judgment of the trial court, and remand the case for trial.

---

**3.** *See Reed Tool Company v. Copelin,* 689 S.W.2d 404, 407 (Tex.1985); *Grove Mfg. Co. v. Cardinal* *Const. Co.,* 534 S.W.2d 153 (Tex.Civ.App—Houston [14th Dist.] 1976, writ ref'd n.r.e.).