K-MART CORPORATION and Nathan Christian, Appellants,

v.

Minerva MARTINEZ, Elsa Nichols and Marta Mata, Appellees.

No. 13-87-362-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1988.

Rehearing Denied Dec. 30, 1988.

Joe Garcia, Mile Mills, McAllen, for appellants.

Rafael H. Flores, Roger Reed, Florex, Munoz, Hockema & Reed, McAllen, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellees, Minerva Martinez, Elsa Nichols, and Marta Mata, brought suit against appellants, K–Mart Corporation and Nathan Christian, for actual and exemplary damages for slander, assault, false imprisonment, and negligent hiring. The trial court, pursuant to jury answers, rendered judgment for the appellees. By three points of error the appellants complain of an award of exemplary damages to each appellee, plaintiffs below, in the amount of $30,000.00 each.

The plaintiffs/appellees were employees of K–Mart Corporation. Appellant Christian worked for K–Mart as a loss prevention district manager.

K–Mart and Christian were found to be jointly and severally liable to the appellees in the following amounts for Christian's slanderous statements:

Martinez—$37,000 in compensatory damages

Nichols—$35,000 in compensatory damages

Mata—$36,000 in compensatory damages

Although the jury found Christian acted maliciously in making the slanderous statements, it assessed zero exemplary damages against Christian for the slander.

The jury, finding that appellant Christian did not assault the appellees, did not award any damages for assault. K–Mart and Christian were found to be jointly and severally liable to the appellees in the following amounts for Christian's false imprisonment of each appellee:

Martinez—$10,000 in compensatory damages

Nichols—$10,000 in compensatory damages

Mata—$10,000 in compensatory damages

Again, the jury found Christian acted maliciously and willfully, but assessed zero exemplary damages against Christian for his acts of false imprisonment.

After finding that K–Mart ratified the acts of Christian, and that K–Mart negligently hired Christian, the jury assessed exemplary damages against K–Mart for slander, false imprisonment, and negligent hiring as to each appellee.

In Special Issue 21 (the only issue challenged by the appellants on appeal), the jury found that K–Mart was liable for exemplary damages as follows:

*For appellee Martinez*

$15,000 for Christian's slanderous statements

$     0 for assault

$10,000 for Christian's act of false imprisonment

$30,000 for K–Mart's failure to use ordinary care in hiring defendant Christian.

*For appellee Nichols*

$15,000 for Christian's slanderous statements

$     0 for assault

$10,000 for Christian's act of false imprisonment

$30,000 for K–Mart's failure to use ordinary care in hiring defendant Christian

*For appellee Mata*

$15,000 for Christian's slanderous statements

$     0 for assault

$10,000 for Christian's act of false imprisonment

$30,000 for K–Mart's failure to use ordinary care in hiring defendant Christian.

■ By the first point of error, the appellants contend the trial court erred in permitting the submission of Special Issue 21 because it allowed double recovery for each appellee. The trial objection was very long and rambling. Trial objections to special issues must clearly designate the error and explain the grounds for the complaint to provide the trial court an opportunity to correct the errors in the charge. *Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986). After careful scrutiny of the appellants' objection at trial, we fail to see how the trial court could have been apprised of the appellants' complaint that the submission regarding negligent hiring allowed double recovery. Appellants' first point of error is overruled.

By points two and three, the appellants contend the trial court erred in denying appellants' motion for judgment notwithstanding the verdict and in rendering judgment. The appellants complained in a "Motion for Judgment Notwithstanding the Verdict and to Disregard the Jury Answers" that the award for exemplary damages against K–Mart resulted in a double recovery of monies for the same act, transaction, and occurrence. On appeal, the appellants contend the $30,000.00 exemplary award (in Special Issue 21) for negligent hiring of Christian should be reversed as to each appellee because it constituted a double recovery for the same injury already compensated by the award of exemplary damages for false imprisonment ($10,000), and slander ($15,000).

■ There were two different theories of recovery for exemplary damages against K–Mart. An employer can be vicariously liable for punitive damages for the employee's misconduct if one of the following is shown:

1) the employer authorized the doing and the manner of the act;
2) the employee was unfit and the employer was reckless in employing him;
3) the employee was employed in a managerial capacity and was acting in the scope of employment; or

4) the employer or a manager ratified or approved the act.

*King v. McGuff*, 234 S.W.2d 403, 405 (Tex. 1950).

■ In this sense, the theory of negligent hiring is used as a method to recover exemplary damages under the theory of respondeat superior. *Estate of Arrington v. Fields*, 578 S.W.2d 173 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *see Marange v. Marshall*, 402 S.W.2d 236 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

Since the jury found that K–Mart ratified the acts of Christian and that K–Mart was reckless in employing Christian, the appellees were entitled to recover for Christian's reckless and malicious conduct.

■ An employer can also be directly liable for exemplary damages for its own act of negligently hiring an employee. *See Dieter v. Baker Service Tools*, 739 S.W.2d 405 (Tex.App.—Corpus Christi 1987, writ denied); *Go International, Inc. v. Lewis*, 601 S.W.2d 495 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). Since the jury found that K–Mart acted with reckless disregard in hiring Christian, and the negligent hiring was the proximate cause of appellee's actual damages, K–Mart could be assessed exemplary damages for its own tortious act of negligently hiring Christian.

■ The issue is whether each appellee can recover exemplary damages against K–Mart for both the malicious acts of its employee (i.e., $15,000 for Christian's slanderous statements, and $10,000 for Christian's act of false imprisonment) and for K–Mart's act of negligently hiring the employee (i.e., $30,000). We hold that to allow recovery under both theories allows for double recovery because 1) K–Mart's derivative and direct liability is based on K–Mart's single act of negligently hiring the employee, Christian; and 2) both theories of exemplary damages are predicated upon the same findings of actual damages. *Cf. Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361 (Tex.1987).

Appellant requested that we render the judgment to disallow the $30,000 exemplary damage finding to each appellee for K–Mart's negligent hiring of Christian. However, the appellees were entitled to elect between the amount of exemplary damages for the negligent hiring of Christian ($30,000) and the slander and false imprisonment ($25,000).

 When the prevailing party fails to elect between alternative measures of damages, the court is to utilize the findings affording the greater recovery and render judgment accordingly. *Birchfield*, 747 S.W.2d at 367. Therefore, we reverse and render that part of the judgment of the trial court regarding exemplary damages against K–Mart in the amount of $15,000 and $10,000 respectfully as to each appellee and render judgment as follows:

> K–Mart corporation is liable for exemplary damages, plus post-judgment interest thereon at ten percent per annum, as follows:
>
> (1)  to Minerva Martinez...  $30,000.00
> (2)  to Elsa Nichols .......  $30,000.00
> (3)  to Marta Mata ........  $30,000.00

The costs are assessed against appellants. The remainder of the judgment is AFFIRMED.