**David Arthur NASH, Appellant,**

v.

**NORTHLAND COMMUNICATIONS CORPORATION and Northland Cable Properties IV, a Limited Partnership, Appellees.**

No. 12-90-00039-CV.

Court of Appeals of Texas, Tyler.

March 29, 1991.

Rehearing Overruled May 10, 1991.

Mike Patterson, Tyler, for appellant.

William Cornelius, Tyler, for appellees.

BILL BASS, Justice.

This is an appeal of a summary judgment. We affirm the judgment.

On August 29, 1986, the appellant sustained a back injury while working as a

cable television installer in the employment of the appellees, Northland Communication Corporation and Northland Cable Properties IV, a Limited Partnership (hereinafter "Northland"). As a result of this injury, appellant pursued and settled a workers' compensation claim. Shortly after returning to work in March of 1988, appellant was assigned to dig a ditch in a roadbed. Again, he injured his back. Pursuant to this injury, he filed and settled a second workers' compensation claim. While appellant was off work recuperating from the second injury, Northland terminated his employment.

Subsequently, appellant filed this lawsuit. Appellant's petition alleges that his employers, Northland, discriminated against him in violation of article 8307c of the Texas Workers' Compensation Act. TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp.1991). He claims the discrimination caused both past and future damages of loss of wage-earning capacity, reasonable and necessary medical expenses, pain and suffering, mental anguish, physical impairment, and severe emotional and mental distress.

Northland moved for partial summary judgment on appellant's claims for personal injuries received while digging the ditch in March of 1988, and appellant's wife's claims for loss of consortium based on theories of negligence or discrimination. In their motion, Northland argued that appellant is barred from bringing an action based on the injuries sustained while digging the ditch, because he had already received workers' compensation benefits for this incident and these injuries.

The trial court severed and granted partial summary judgment on all claims except appellant's claim for wrongful termination under Article 8307c and his wife's claim for loss of consortium based upon intentional injury.

Appellant brings four points of error. In his first point of error, appellant asserts that the doctrine of election of remedies is inapplicable to this case. The second point of error asserts that the issue of appellant's informed choice between two remedies is an issue of disputed material fact. Appellant's third point of error contends that an Article 8307c discrimination claim is not inconsistent with the settlement of a workers' compensation claim arising out of the same incident. In his fourth point of error, appellant argues that there is no manifest injustice in allowing him to pursue a cause of action under Article 8307c after the settlement of his workers' compensation claim.

The appellant is barred from asserting an 8307c discrimination claim for personal injuries received while digging the ditch because he has already recovered workers' compensation for these damages. He does not assert that the discriminatory ditch-digging assignment harmed him because it reduced his hours, wage rate or fringe benefits, or because it degraded him, or caused him any damage other than those related to his back injury for which he has already been compensated under the act. Those damages are separate and independent of the personal injury previously compensated under the Workers' Compensation Act. Such injuries are not present in the appellant's case. Instead, the damages that appellant seeks are for personal injuries that stem solely and inseparably from the back injury incurred during the ditch digging assignment. He is limited to one workers' compensation recovery for the same injury. Another recovery under the guise of a discrimination claim would be a double recovery under the act. Double recovery is not permitted. *K–Mart Corporation v. Martinez*, 761 S.W.2d 522, 524 (Tex. App.—Corpus Christi 1988, writ denied); *Hendon v. Glover*, 761 S.W.2d 120, 122 (Tex.App.—Beaumont 1988, writ denied).

The principle that a single injury which has been compensated under the Workers' Compensation Act cannot give rise to a second set of damages under another part of the act finds its basis in *Massey v. Armco Steel Company*, 652 S.W.2d 932

(Tex.1983). In *Massey*, the plaintiff suffered injuries and sought recovery under the Workers' Compensation Act. The employer's insurer appealed, and the plaintiff brought a cross-action asserting that he had been harmed by the insurer's and employer's conspiracy to interfere with the settlement of his compensation claim. The Texas Supreme Court held that where an employee seeks recovery for both an intentional tort and for an event covered under the Workers' Compensation Act, "the employer's intentional act must be separable from the compensation claim and must produce an independent injury." *Id.* at 933.

Appellant asserts that *Mitchell v. Aetna Casualty & Surety Company* states the ruling case law. 722 S.W.2d 522 (Tex.App. —Beaumont 1986, writ ref'd n.r.e.). We disagree. In *Mitchell*, the

> [p]laintiff's suit in the federal court was one 'in equity authorized and instituted pursuant to Title 7 of the Civil Rights Act of 1964, 42 USC, Sec. 2000(c) et seq.' The suit alleged sexual harassment and sexual discrimination by [the] defendant ... and negligent hiring by the employer, and prayed for judgment 'declaring that defendants violated Title 7 of the Civil Rights Act of 1964.'

The civil rights suit was settled for $1500, and then the plaintiff filed for workers' compensation benefits. The court held that the settlement of the civil rights suit was not an exclusive remedy and did not bar the plaintiff's workers' compensation action. But, in *Mitchell*, the damages for which the plaintiff sought redress in the federal civil rights suit were different than the personal injuries for which she sought workers' compensation benefits. Thus, the multiple, separable injuries in *Mitchell*, distinguish it from the present case.

Appellant's four points of error are overruled. The summary judgment is affirmed.