**WAL–MART STORES, INC., Appellant,**

v.

**Bettie Jo HOLLAND, Appellee.**

No. 12–96–00015–CV.

Court of Appeals of Texas,
Tyler.

July 31, 1997.

Rehearing Overruled Sept. 23,
1997 and Oct. 22, 1997.

J. Preston Wrotenbery, Houston, for appellant.

George E. Chandler, Lufkin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Appellant, Wal–Mart Stores, Inc. ("Wal–Mart") appeals a verdict in which the jury found that Wal–Mart discriminated against Appellee, Bettie Jo Holland ("Holland") for instituting a workers' compensation claim, in violation of TEX.REV.CIV. STAT. ANN. 8307c (Vernon Supp.1993) (repealed 1993) (current version at TEX. LABOR CODE ANN. § 451 *et seq.*).[1] The jury awarded Holland the following: $5,000 for emotional anguish; $250,000 for physical impairment in the future; $1,500,000 in punitive damages; and 1/3 contingency fee ($585,000) for attorney's fees. Wal–Mart assigns twelve points of error. We hold that a plaintiff may recover attorney's fees and exemplary damages for violation of 8307c. In the instant case, however, we hold that there is no evidence to support the jury finding of malice required to sustain the exemplary damages award. We **reform, and affirm as reformed in part, and reverse and render in part.**

Holland worked for Wal–Mart in its Palestine warehouse as a stocker. Her position required employees to regularly lift bulky items weighing as much as eighty pounds, and because of her small frame, Holland had suffered periodic back pain. In October of 1988, however, Holland experienced a specific back and neck injury, reported the injury to her supervisor and advised him that she would seek treatment from a doctor. She told her doctor about her severe pain and her doctor prescribed medication for her injury. The doctor did not, however, put her patient on light duty or instruct her to take time off from work. Holland returned to work the next day, and a different manager told her to perform a particularly demanding job. Holland told him that she had hurt her back on the job and that she couldn't do any heavy lifting. The manager said "go do it or go home." Both Holland and a co-worker believed that the manager meant she would be fired if she refused to do the work. She proceeded to perform the job, which aggravated her injury. Holland returned to the doctor who took her off the job for seven days and then released her with a thirty-pound lifting restriction. Holland notified Wal–Mart of her doctor's orders. Before Holland returned to work, her doctor notified Wal–Mart that Holland needed an additional three-month leave. Wal–Mart offered Holland a light duty job several months after Holland's injury. Holland's doctor went to the warehouse to investigate the specific requirements of the position and spoke to a manager who seemed "indifferent" to her inquiries. She determined that the light duty job was not suitable for her patient. Holland never returned to work. Wal–Mart did not file an Employer's First Report of Injury until Holland hired an attorney and submitted a claim to the Industrial Accident Board. It maintained that Holland had never reported a work-related injury. There was testimony that Wal–Mart was generally hostile to workers' compensation claims and it instructed the managers to reduce claims in any way they saw fit. Wal–Mart's workers' compensation carrier denied coverage, maintaining that Holland's injury was not work-related. Holland filed suit against the insurance company and settled her workers' compensation case for $45,000.00 plus five years future medical.

After settling the workers' compensation case, Holland filed suit in the instant case in which she alleged bad faith denial/delay of compensation benefits against the carrier (National Union Fire Insurance Company), the adjuster (Corporate Service, Inc.), and Wal–Mart, and violation of 8307c by wrongful termination against Wal–Mart. Although Holland attempted to amend her petition to allege discrimination by Wal–Mart, she also asserted new allegations against the other parties, and her amended petition was stricken on the adjuster's motion.

The jury found that no party had wrongfully denied or delayed Holland's workers' compensation benefits, and the court severed

---

1. For convenience and brevity, we will refer to this statute as "8307c."

both the carrier and the adjuster from the suit. The jury did find, however, that Wal–Mart discriminated against Holland, and that Wal–Mart's action(s) caused mental anguish and future physical impairment. In addition, the jury found that Wal–Mart maliciously discriminated against Holland.

■ Wal–Mart's first point of error complains that the trial court erred in submitting a jury question on wrongful discrimination because Holland failed to specifically plead it. Wal–Mart complains that Holland's allegation that "[t]he Plaintiff was discharged contrary to the provisions of Article 8307c and Defendant, Wal–Mart Stores, Inc., is guilty of retaliatory and wrongful discharge under the workers' compensation act ... " did not give notice that Holland was alleging 8307c discrimination. We note that Wal–Mart filed a Motion for Directed Verdict on Holland's 8307c cause of action. Although not alleged in the written motion, Wal–Mart orally argued that the court should grant its motion on the basis that Holland never pleaded discrimination. The court denied Wal–Mart's motion. We also note that at no time did Holland move for a trial amendment on that issue. Holland urges that the issue was tried by consent and that even if it didn't specifically plead discrimination, the submission of the discrimination question was not a substantial, misleading, surprising, or prejudicial departure from the pleadings.

■ Defects in the opponent's pleadings are not waived if challenged by a special exception, objection to evidence, motion to strike testimony, motion for instructed verdict, or objection to the charge, in each such type of attack specifying the nature of the defect. When a party makes a specific complaint and the court makes an adverse ruling thereon,[2] no consent will be implied to the trial of issues not raised by the defective pleadings.[3] In such a case, a pleading fault may be fatal, unless cured by trial amendment. *Jennings v. Texas Farm Mortg. Co.*, 124 Tex. 593, 80 S.W.2d 931 (1935). For a variance to be fatal, it must be a substantial, misleading, and prejudicial departure from the pleadings. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977); *Houston v. Leach*, 819 S.W.2d 185, 192 (Tex. App.—Houston [14th Dist.] 1991).

■ Because Wal–Mart filed a motion for a directed verdict on the issue,[4] the parties did not try 8307c discrimination by consent. The pleading defect was not fatal, however, because it was not a misleading and prejudicial departure from the pleadings. The Second Amended Petition, even though stricken on the adjuster's motion, gave Wal–Mart notice that Holland intended to try the discrimination issue. Moreover, in its Third Amended Answer,[5] Wal–Mart specifically denied that it either had wrongfully discharged or *discriminated* against Holland. It is well settled Texas law that any omissions in the pleadings of one party can be supplied by referring to allegations contained in the pleadings of another. *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 322 (Tex.App.—Houston [14th Dist.] 1994, writ denied). As a general rule, a petition which fails to allege a material fact, and thereby fails to tender an issue, may be aided, and the defect or omission may be cured, by a plea or answer which tenders an issue as to the fact by specifically denying it. *See City of Corpus Christi v. Caddell*, 98 S.W.2d 372, 374 (Tex.Civ.App.—San Antonio 1936, writ dism'd). The pleadings of Holland, in connection with the pleadings of Wal–Mart, were sufficient to authorize the court to submit the issue of discrimination, and Wal–Mart's first point of error is overruled.

---

2. *Frankfurt's Texas Investment Corp. v. Trinity Savings & Loan Association*, 414 S.W.2d 190 (Tex.Civ.App.—Dallas 1967, ref'd n.r.e.).

3. *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688 (1943).

4. At the charge conference, Wal–Mart objected to the discrimination question on the basis of "no evidence" rather than on a pleading variance.

5. Wal–Mart argues that its Third Amended Answer became "moot" when the court struck Holland's Second Amended Petition. This argument is without merit, however, since Wal–Mart averred in the pleading in question that it was filing its "Third Amended Original Answer to Plaintiff's First Amended Original Petition," and it failed to file a subsequent amended answer. Consequently, its Third Amended Answer was Wal–Mart's live pleading at trial.

In its second point of error, Wal–Mart alleges that there is legally and factually insufficient evidence to support the verdict on wrongful discrimination. In addressing a matter-of-law or legal insufficiency question, this court must examine the record for evidence that supports the finding, while disregarding all evidence to the contrary. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *Tracy v. Annie's Attic*, 840 S.W.2d 527, 533 (Tex.App.—Tyler 1992, writ denied). If there is no evidence to support the finding, the entire record must be examined to determine whether the proposition contrary to the finding has been conclusively established as a matter of law. *Sterner*, 767 S.W.2d at 690. In reviewing factual insufficiency, this court is required to consider and weigh all of the evidence in the case, and to set aside the judgment and remand the cause for a new trial if the court concludes that the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

> 8307c proscribes the following acts:
> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Tex.Rev.Civ. Stat. Ann. 8307c, § 1.

Under Texas law, an employee's notice to his employer of an on-the-job injury constitutes an affirmative step toward instituting a worker's compensation proceeding and may be sufficient to support a finding that the employee had instituted a proceeding under the workers' compensation statute. *Munoz v. H & M Wholesale, Inc.*, 926 F.Supp. 596 (S.D.Tex.1996). To prove discrimination under 8307c, the employee need not prove that his quest for workers' compensation was the sole reason for discrimination, but only that it was a determinative factor. *Id. See also Santex, Inc. v. Cunningham*, 618 S.W.2d 557, 559 (Tex.Civ.App.—

Waco 1981, no writ). A plaintiff may show the causal connection by circumstantial evidence and by reasonable inference from such evidence. *Investment Properties Mgt., Inc. v. Montes*, 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ); *Paragon Hotel Corp. v. Ramirez*, 783 S.W.2d 654, 658 (Tex.App.—El Paso 1990, writ denied).

The evidence from the record which supports a finding that Wal–Mart discriminated against Holland includes the following:

(a) Holland hurt her back on the job while lifting a box of tools in October of 1988. She reported the injury to her supervisor, and told him she was going to the doctor.

(b) She went to her doctor on October 26, 1988, and complained of back pain. Her doctor prescribed medication for the injury.

(c) Holland went back to work performing her regular duties. Her manager instructed her to perform a more strenuous job than usual.

(d) She told her manager that she had hurt her back previously, and that she couldn't do the heavy lifting which that job entailed. The manager told her, "Go do it or go home." The manager, who was generally very nice, acted "mean" when he said this.

(e) Holland believed that the manager meant she either had to do the job or be fired. A co-worker who heard the conversation also believed that Holland was in jeopardy of losing her job if she didn't do the work.

(f) Performing the job as instructed, Holland's back injury was exacerbated to the point that when she returned to the doctor, there was a marked deterioration in her condition. Her doctor instructed her to stay off the job for a period of time.

(g) Wal–Mart was generally hostile to workers' compensation claims, and it instructed managers to reduce claims in any way they saw fit.

We hold that there is legally sufficient evidence to support the trial court's judgment for Holland, and that Wal–Mart's non-liability is not established as a matter of law.

In addition to the evidence previously described, there is evidence in the record which

shows that Holland did not report to her doctor a specific injury to her back. There is also evidence that Wal–Mart's Personnel Department did not have knowledge of Holland's work-related injury. We note, however, that Wal–Mart did not call any witnesses to dispute Holland's testimony that she reported her back injury to both her supervisor and manager. Wal–Mart also chose not to call any witnesses to dispute Holland's subjective interpretation of her manager's instructions to "go do it or go home," or Wal–Mart's hostile attitude toward employees who filed workers' compensation claims. In fact, *Wal–Mart presented no testimonial evidence of any kind.* We hold that the jury's finding that Wal–Mart discriminated against Holland for instituting a worker's compensation claim was not so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule Wal–Mart's second point of error.

Wal–Mart, in its third point of error, complains that there was neither legally nor factually sufficient evidence to support the jury's finding that Wal–Mart's discrimination caused any physical impairment separate from that injury for which Holland recovered the $45,000.00 workers' compensation settlement. Wal–Mart argues that Holland was compensated for her onthe-job injury by the Compromise Settlement Agreement. Although Wal–Mart's contention may be correct, it did not plead the affirmative defense of settlement and release at the trial court level. An affirmative defense must be asserted by way of written pleading, otherwise that party waives his contention. *Bracton Corp. v. Evans Construction Co.,* 784 S.W.2d 708, 710 (Tex.App.—Houston [14th Dist.] 1990, no writ); Tex.R. Civ. P. 94. Furthermore, the Agreement itself precludes this argument by its own provisions, as follows:

> Each of the parties hereto specifically recognizes that there is presently pending in this Court, under Cause No. 7362, styled *Bettie Jo Holland v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, et al.* [sic] *Neither this Compromise Settlement Agreement and Release, nor the Judgment to be entered pursuant*

> *hereto, shall be deemed to in any way affect any interest of any party to said Cause No. 7362* ... Claimant–Plaintiff further warrants and represents it to be a fact that she fully understands that ... Claimant will never receive any additional money ... for any injury every [sic] sustained by Claimant prior to the date of this agreement while in the employment of WAL–MART STORES, INC., *save and except those damages, if any, to which Claimant–Plaintiff may be entitled under Cause No. 7362 on the docket of this Court as described above* ... Claimant–Plaintiff agrees that this Agreement and Release settles and concludes all of Claimant's rights to any and all benefits to which claimant is entitled under the Workers' Compensation act of the State of Texas for injuries sustained by Claimant at any and all times Claimant was ever in the employment of WAL–MART STORES, INC., *save and except any claims being asserted in Cause No. 7362 as described above.*

(emphasis added)

Wal–Mart also argues that there is no evidence, or insufficient evidence, that any discriminatory retaliation by the company caused injury to Holland. In an 8307c case, a plaintiff need only show that the retaliation "contributed" to his damages. *Borden, Inc. v. Guerra,* 860 S.W.2d 515, 522 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.). There is no requirement that the employer's act be the sole cause, the proximate cause, or the producing cause of the damages suffered by the employee. *See Id.; Murray Corp. of Maryland v. Brooks,* 600 S.W.2d 897, 904 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The only requirement is that the *damages suffered be a result of the violation of the Act. Murray Corp.,* 600 S.W.2d at 904. There is evidence in the record that the manager knew Holland had a back injury, that he became angry when Holland told him she was injured, that he threatened Holland with loss of her job if she didn't go back to work, and that his actions were consistent with Wal–Mart's policy of discouraging workers' compensation claims. There is also evidence that Holland's initial

minor [6] work-related injury was severely aggravated when Wal–Mart's manager forced Holland to perform a particularly demanding job. The physician who treated Holland for her initial injury, as well as its exacerbation, testified that being forced to continue heavy lifting made Holland's back injury worse. Holland's chiropractor, who was treating her at the time of trial, specifically testified that performing the heavy lifting after notifying her manager of her initial injury was a producing cause of her current physical incapacity. We hold that the jury's finding that Wal–Mart discriminated against Holland because she reported a work-related injury, and that Wal–Mart's act of discrimination contributed to Holland's physical impairment is not so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule point of error three.

■ Wal–Mart complains in its seventh point of error that there is neither legally nor factually sufficient evidence of malice to support the jury's award of exemplary damages. The jury charge on this issue read as follows:

Did Defendant Wal–Mart Stores, Inc. act with malice in discriminating against Bettie Jo Holland?

"Malice" means conduct that is specifically intended by the Defendant to cause substantial injury to the claimant or an act that is carried out by the defendant with a flagrant disregard for the rights of others and with actual awareness on the part of the defendant that the act will, in reasonable probability, result in human death, great bodily harm, or property damage.

Although *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994) deals with the issue of exemplary damages supported by a finding of gross negligence rather than malice, Wal–Mart urges this court to apply its strictures to the instant case. We agree that *Moriel* is helpful in that it describes just how egregious a defendant's acts must be in order to justify an award of exemplary damages. In *Moriel,* the Supreme Court stated:

The reason the law of torts recognizes compensation, rather than punishment, as its paramount objective is that civil punish-

ment can result in overdeterrence and overcompensation. Every tort involves conduct that the law considers wrong, but punitive damages are proper only in the most exceptional cases.

*Moriel,* 879 S.W.2d at 18.

Other Supreme Court cases have also emphasized the heavy burden a plaintiff has in proving conduct deserving of such punishment:

The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful.

*Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 454 (Tex.1996) (quoting *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943)).

The evidence viewed in light most favorable to the verdict is the same evidence used to support the discrimination finding. Holland hurt her back on the job. Her manager told her to go do a particular job that was more demanding than her regular duties. She then told her manager that she hurt her back and that she couldn't do any heavy lifting. We have held that there is sufficient evidence to support the trial court's finding that Holland's boss got angry at her for telling him about her work-related injury, he retaliated against her because of it, and Holland was injured as a consequence thereof. But substantially more evidence is required for a finding of malice. We note that at the time Holland told her manager about her back injury, she was working under no doctor-ordered medical restrictions. If there were, and if the manager knew about them, this may have been some evidence of actual awareness on the manager's part that his act would probably cause serious bodily harm. But we hold that there is no evidence, either direct or circumstantial, that Holland's manager intended to cause substantial injury to

**6.** We characterize the first injury as being "mi-

nor" insofar as it did not require lost time.

## 598

Holland, or that he acted with such flagrant disregard for Hollands rights and with actual awareness that the act would, in reasonable probability, result in human death or great bodily harm. Since there is no evidence of malice, it is unnecessary to do a factual insufficiency analysis on this issue. We sustain Wal–Mart's seventh point of error.

In Wal–Mart's tenth point of error, it complains that there is legally and factually insufficient evidence to support mental anguish damages. Evidence in the record viewed in the light most favorable to the verdict shows that Wal–Mart's discriminatory act aggravated Holland's back injury, and that Holland became extremely depressed about the consequential pain. A coworker, Linda Mersiovsky, testified that it was obvious to her that Holland's mental state suffered because of the injury. Holland's treating physician testified that she treated her for depression due to the pain of her back injury, and that she referred Holland to a neuropsychologist because of her depression. Holland's chiropractor testified that Holland was "a basket case" because of her injury, and Holland's husband agreed. Additionally, mental anguish will be implied from illness or injuries accompanied by physical pain that is proximately caused by the defendant. *Kingham Messenger & Delivery Service, Inc. v. Daniels*, 435 S.W.2d 270, 273 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Coca Cola Bottling Co. of Fort Worth v. McAlister*, 256 S.W.2d 654, 655 (Tex.Civ. App.—Fort Worth 1953, no writ). We hold that there is more than a mere scintilla of evidence to support an award for mental anguish damages.

In viewing the whole record, there is some evidence that Holland was also depressed about other things besides her back injury. In addition, she may have been under some emotional stress even before the discrimination and subsequent aggravation of her back injury. We do not, however, consider the trial court's finding of $5,000 in mental anguish to be so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule point of error ten.

Wal–Mart complains in its fourth point of error that damages for physical impairment in the future are not recoverable on the instant facts. Wal–Mart argues that although 8307c allows an employee to recover all reasonable damages incurred as a result of the violation, recovery under the Texas Workers' Compensation Act is intended to be an injured employee's *sole* remedy for work-related injuries. Physical impairment is not recoverable under 8307c when the employee has already been compensated for his injury by settlement of a worker's compensation claim. *Nash v. Northland Communications Corp.*, 806 S.W.2d 952, 953 (Tex.App.—Tyler 1991, writ denied). Wal–Mart does concede, however, that recovery for wrongful discrimination is an independent action from a compensation claim. *See Bouchet v. Texas Mexican Ry. Co.*, 915 S.W.2d 107, 110 (Tex.App.— San Antonio 1996, no writ).

We note that *Nash* does *not* stand for the proposition that under no circumstances may a party recover physical impairment damages under 8307c. Rather, it holds that if wrongful discrimination causes physical impairment, but the discriminated party accepts a settlement pursuant to the Texas Workers' Compensation Act for that discrimination-caused physical impairment, he cannot then recover those same damages under 8307c. *Nash* can be distinguished from the instant case since, by the terms of its own Settlement Agreement, Wal–Mart did not compensate Holland for any discrimination-caused injury. We overrule point of error four.

In its point of error five, Wal–Mart complains that the $250,000.00 jury award for physical impairment is excessive. In the interest of justice we will address this issue, although we note that Wal–Mart's brief cites no authority and no record reference in support of this argument.

In a personal injury case such as this, the amount of damages is particularly within the discretion of the jury, and this court should not disturb the jury's verdict on grounds of excessiveness if there is any probative evidence to support the award. *Northwest Mall, Inc. v. Lubri-lon Intern., Inc.*, 681 S.W.2d 797, 804 (Tex.App.—Hous-

ton [14th Dist.] 1984, writ ref'd n.r.e.). Moreover, this court must consider the evidence in the light most favorable to the award. *North Star Dodge Sales, Inc. v. Luna,* 672 S.W.2d 304, 306 (Tex.App.—San Antonio 1984, writ dism'd). Unless such a review reveals that the jury's award is obviously excessive, or it is shown by positive testimony that the jury was influenced by passion or prejudice, we may not disturb the jury's assessment of damages. *Investment Properties Mgt., Inc.,* 821 S.W.2d at 697; *Brazoria County v. Davenport,* 780 S.W.2d 827, 831 (Tex.App.—Houston [1st Dist.] 1989, no writ).

The court's charge allowed the jury, upon a finding that Wal–Mart's discrimination caused Holland damage, to award her a sum of money for emotional anguish, loss of credit standing, and physical impairment in the future. The court instructed the jury to consider each element separately, and to not include damages for one element in any other element. Although there was no definition of physical impairment in the charge, this particular element of damages may reflect economic loss due to the effect of the injury upon the injured party's capacity to work and earn money, as well as physical pain and suffering caused by the injury. *See Texas Farm Products Co. v. Leva,* 535 S.W.2d 953 (Tex.Civ.App.—Tyler 1976, no writ). Additionally, physical impairment, sometimes termed loss of enjoyment of life, encompasses the loss of the injured party's former lifestyle. *See Santa Rosa Medical Center v. Robinson,* 560 S.W.2d 751, 762 (Tex.Civ. App.—San Antonio 1977, no writ).

Reviewing the record, in light most favorable to the award, we note that when Holland was employed by Wal–Mart, she worked forty hours per week. A vocational evaluation indicated that Holland's earning capacity was reduced from $8.65 per hour to $4.25 to $4.50 per hour by her work-related injury and subsequent incapacity. In June of 1995, at the time of trial, Holland was thirty-two years old. The jury could have reasonably

inferred that Holland's work-life expectancy constituted at least an additional twenty-five years, and possibly more.[7] If Holland worked a forty-hour week at $4.50 per hour until she was fifty-seven years old, her impairment would cause an economic loss of $166.00 per week, $8,632.00 per year, and $215,800 for her total work-life. If she worked at $4.25 per hour, she would suffer an economic loss of $228,800.00 for the duration of her work-life. There is also evidence in the record of the daily pain and suffering which Holland had endured because of the back injury and would likely endure in the future. Holland's chiropractor testified that Holland was capable of performing only menial activities which she had to perform in conducting her life. Sometimes even those menial activities aggravated her pain, compelling her to discontinue them. The chiropractor went on to testify that Holland was totally incapacitated in regard to holding a job. We hold that the jury's award of $250,000.00 for physical incapacity in the future is not obviously excessive, nor has Wal–Mart shown by positive testimony that the jury was influenced by passion or prejudice in its assessment. We overrule point of error five.

In its sixth point of error, Wal–Mart argues that exemplary damages are not recoverable under 8307c. Wal–Mart urges this court to ignore the overwhelming precedence of Texas caselaw to sustain its complaint. *See Continental Coffee Products Co.,* 937 S.W.2d at 454; *Azar Nut Co. v. Caille,* 734 S.W.2d 667, 669 (Tex.1987). This point is moot, however, since we have held that there is no evidence to support exemplary damages in the instant case. Likewise it is unnecessary for us to address Wal-mart's eighth and ninth points of error, both of which allege error in the exemplary damage award.

In its eleventh point of error, Wal–Mart argues that attorney's fees are not recoverable under 8307c. We disagree. It is true that 8307c, the common law, and TEX. CIV. PRAC. & REM.CODE §§ 38.001 et seq. do not specifically provide for the award of at-

7. Work-life expectancy need not be based on life expectancy tables; the jury may reach its own conclusion on life expectancy based on evidence of the injured person's age, health, and physical condition prior to the injury, and the permanence of the injury. *Borden Inc. v. Guerra,* 860 S.W.2d 515, 524–25 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.).

torney's fees. But the Supreme Court held in *Azar* that 8307c should be construed liberally when determining the types of damages authorized by the statute.[8] *Azar Nut Co.*, 734 S.W.2d at 669. What is more, we agree with J. Thomas Sullivan's statement of the social purpose in allowing recovery of attorney's fees under 8307c:

> Provision for compensation of counsel is essential to insure that this remedy is fully available to ... employees. The very circumstances addressed by the statute ... would support a broadening of the remedy to include recovery for attorneys' fees in order to insure that claimants with meritorious cases are able to secure counsel prepared to represent them through the process of trial.

J. Thomas Sullivan, *Retaliatory Firings: The Remedy Under the Texas Workers' Compensation Act*, 19 TEX. TECH L.REV. 85, 142 (1988). More importantly, however, we are persuaded that the causation standard under 8307c allows for the recovery of attorney's fees. 8307c permits the victim of retaliation to recover all reasonable damages suffered *as a result of the retaliatory discrimination.* See TEX. REV. CIV. STAT. ANN. 8307c, § 2 (Vernon Supp.1993); *Azar Nut Co.*, 734 S.W.2d at 669. If an employer retaliates against its employee in violation of the Workers' Compensation Act, and that employee is damaged as a result of that retaliation, it follows that the employee must retain an attorney to be made whole. The employee is further damaged by the necessity of paying that attorney. The attorney's fees are a result of the discrimination. Therefore, we hold that attorney's fees are recoverable under 8307c.

■ We note that Wal–Mart waived error in the submission of the attorney's fees question by failing to object to it as an improper element of damages under 8307c.[9] TEX.R. CIV. P. 274; *Carnation Co. v. Borner*, 610 S.W.2d 450, 454–55 (Tex.1980). To the contrary, Wal–Mart argued that the question be specifically tied to a finding of liability on the 8307c cause of action. A party may not invite error and then complain about that error on appeal. *See General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993).

■ In point of error eleven, Wal–Mart also alleges that there was no legally or factually sufficient evidence to support the award of attorney's fees. The record shows that John Ament, Holland's expert witness, testified that "a reasonable fee in a case of this nature is thirty-three and a third percent [33 1/3%] contingent fee." He went on to explain the rationale of plaintiffs entering into contingency fee contracts. Wal–Mart argues that *Arthur Andersen & Co. v. Perry Equipment Corp.*, 40 Tex. Sup.Ct. J. 222 (1997) provides the court with an outline of the evidence necessary to support attorney's fees pursuant to a fee-shifting statute, and holds that an award of attorney's fees cannot be a percentage of a judgment. We note, however, that Wal–Mart simply made a "no evidence" objection to the attorney's fees question. It did not object that a question inquiring as to "[w]hat is a reasonable fee for the necessary services of Bettie Jo Holland's attorneys in this case, stated as a percentage of Bettie Jo Holland's recovery" was an improper statement of the law. Consequently, we hold that Holland was simply required to present credible evidence of a reasonable fee stated as a percentage of her recovery. Holland did this through the testimony of her expert witness, and Wal–Mart offered no controverting evidence. We hold that there is more than a mere scintilla of evidence that 33 1/3 percent of Holland's award is a reasonable attorney's fee, and that the jury finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule point of error eleven.

■ Wal–Mart, in its point of error twelve, complains that the verdict was based on sympathy, and not supported legally or factually by the evidence. It avers that the evidence *contrary* to the verdict is overwhelming. Wal–Mart cites *Cahill v. Lyda*,

---

**8.** The Court held that 8307c authorized exemplary damages, even though not literally "suffered" by plaintiff.

**9.** Wal–Mart argued at the charge conference only that there was "no evidence" to support the attorney's fees question.

814 S.W.2d 390 (Tex.App.—Austin 1991, no writ) for its proposition that the jury verdict was not one that "reasonable minds could reach" based on the facts before it. *Id.* at 394. This court, therefore, should ask "whether the actual fact finder's contrary decision [was] 'actuated by prejudice, sympathy, or other incorrect motive,' ... and, if so why." *Id.* We have earlier held that the jury's finding of discriminatory retaliation, as well as the award for attorney's fees, mental anguish, and physical impairment are supported by the evidence. Further, Wal–Mart has failed to demonstrate from the record that the jury found for Holland solely upon sympathy. Wal–Mart did point out that there were inconsistencies in Holland's testimony and that Holland's closing argument had a strong emotional appeal. But Wal–Mart appropriately highlighted the inconsistencies and attempted to dispel any sympathy that the jury may have felt for Holland in *its* closing. Holland presented her evidence, and the jury obviously believed her. The fact finder, in this case the jury, is the sole judge of the credibility of the witnesses and the weight to be attached to their testimony. *Mid–South Bottling Co. v. Cigainero,* 799 S.W.2d 385, 390 (Tex.App.—Texarkana 1990, writ denied); *Western Atlas Int'l. v. Wilson,* 930 S.W.2d 782, 784 (Tex.App.—Tyler 1996, no writ). As an intermediate appellate court, this court is not a fact finder, and may not pass upon the credibility of the witnesses or substitute its judgment for that of the fact finder. *Western Atlas,* 930 S.W.2d at 784. Also, we should be more reluctant to remand for a new trial when the facts are found originally by a jury rather than by the court. *Cahill,* 814 S.W.2d at 394. We overrule point of error twelve.

We affirm the trial court's judgment for actual damages of $255,000.00 but reform the judgment to reflect attorney's fees of $85,000.00. Since our holding reduces the total amount of damages awarded to Holland, we decrease and reform the prejudgment interest award to $49,779.40. We reverse and render as to exemplary damages.