**CONEX INTERNATIONAL CORPORATION,**
Appellant,

v.

**James R. COX, Appellee.**

No. 09–98–496 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 27, 2000.

Decided June 8, 2000.

Mitchell A. Toups, Steven C. Toups, Weller, Green & Toups, Hamil M. Cupero, Jr., Conex International Corp., Beaumont, John B. Wallace, Giessel, Barker & Lyman, Inc., Houston, for appellant.

David A. Brandom, Jane S. Brown, Provost & Umphrey Law Firm, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

The gravamen of the lawsuit initially filed by appellee, James Cox, and the lone

remaining action before this Court on appeal, is grounded in the anti-retaliation provision of TEX.LAB.CODE ANN. §§ 451.001–451.002 (Vernon 1996). Cox, employed by appellant Conex International Corporation (Conex), sustained an injury to his hand on May 30, 1991, while in the course and scope of his employment at a facility owned by Texaco. It is undisputed that Cox availed himself of his rights under the provisions of the Texas Workers' Compensation Act.[1] The record further reflects that on June 12, 1991, while performing work, Cox dislocated the knuckle on his previously injured right hand. The next morning, Cox informed his foreman, Ralph Buckles, of his need to again see the doctor regarding his injured right hand. Testimony is in dispute as to whether Cox received permission to go to the doctor on June 13. At any rate, shortly after Cox returned from seeing the doctor on June 13, 1991, he was terminated by Conex.

A careful examination of the testimony and documentary evidence elicited at trial indicates that Cox was attempting to prove the following *vis-a-vis* his employment discrimination claim: that following his May 31, 1991, injury to his right hand Conex supervisory personnel refused to permit Cox to wear a prescribed hand brace and did not restrict Cox to light duty as recommended by Cox's doctor ultimately resulting in Cox sustaining a very severe injury to the same hand on June 12, 1991. Boiled down to its essence, as we appreciate his position to be, Cox is alleging that Conex's refusal to allow him to follow his doctor's orders was in retaliation for Cox pursuing

his workers' compensation claim from the May 31, 1991 injury, with said retaliation resulting in the sustaining of the severe hand injury of June 12, 1991, which then led to Cox developing the extremely debilitating condition known as "reflex sympathetic dystrophy" (R.S.D.), an incurable pain syndrome.

After both parties had concluded presenting evidence to the jury and had rested, Conex moved for a directed verdict. It was denied by the trial court. Thereafter, the jury found that Conex discriminated against Cox, and awarded him $2,000 in past physical pain and suffering, $25,000 in past mental anguish, and $23,000 in past physical impairment, or loss of enjoyment of life. The jury refused to award Cox any *future* damages for physical pain or impairment or mental anguish. Conex subsequently filed a motion for judgment notwithstanding the verdict which was also denied by the trial court.

Conex brings forth six appellate issues for our consideration. We will combine consideration of the first two appellate issues as that will be dispositive of the case. Said issues read as follows:

> Issue 1: Cox injured his right hand at work and twelve days later had a re-injury. Although Cox received workers' comp benefits, he sued Conex alleging that wrongful discrimination caused his re-injury. At trial, Cox recovered personal-injury damages for the re-injury. The trial court erred in denying Conex a directed verdict or JNOV because:

1. The record before us reflects the following offer of proof, *see* TEX.R. EVID. 103(a) & (b), by Conex as its trial counsel cross-examined Cox regarding his workers' compensation benefits:

> Q.[Conex trial counsel] Well, in this lawsuit you're claiming that your severe injury that caused your R.S.D. was on June 12th, '91, true?
> A.[Cox] (Pause)
> Q. True?
> A. Yes, sir.
> Q. All right. And you are not telling this jury [sic] in this particular case that the

injury of May 31st caused you to get R.S.D., are you?
> A. The injury on May the 31st?
> Q. Right.
> A. That's right.
> . . . .
> Q. Now, Mr. Cox, you have received workers' compensation insurance benefits including medical benefits and wages and— any and all benefits that are available under the workers' compensation act, haven't you, for your injuries that are made the basis of this lawsuit?
> A. Yes, sir.

a) the exclusive-remedy provision bars recovery in a discrimination suit for work-related injuries;

b) Cox cannot get a double recovery for the same injuries; and

c) by receiving comp benefits, Cox elected his remedy.

Issue 2: Cox testified about his pain, mental anguish, and impairment from his work-related injuries. He did not testify about any separate mental anguish, pain, or impairment caused by discrimination. The trial court erred in denying Conex a directed verdict or JNOV because there was no evidence that the alleged discrimination caused Cox any past pain, past mental anguish, or past impairment.

■ The doctrine of "election of remedies" is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies. *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). In *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980), the Supreme Court noted that the election of remedies doctrine combines elements of estoppel, ratification, and unjust enrichment.

In *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983), the Supreme Court held the following:

> Although the Workers' Compensation Act bars an employee's common law action for negligence against his employer, the Act does not exempt employers from common law liability for intentional torts. [citations omitted] An employee, however, may waive his cause of action for intentional tort if he seeks benefits under the Act. [citations omitted] The collection of workers' compensation benefits by an employee who subsequently alleges his injury was by intentional tort constitutes an election of remedies and estops the employee from proceeding to recover damages outside the Act. [citation omitted]

■ Concededly, an employee may have one claim against his employer under the Workers' Compensation Act and a separate, distinct claim at common law for intentional tort but such claims are mutually exclusive; thus, the employee's intentional tort claim and intentional tortious actions claim must be separate from the claim for compensation and must produce independent, separate, and distinct injuries. *Id.*

Cox responds that the election of remedies/estoppel rationale set out in *Massey* is inapplicable to the facts of the instant case because Cox's claims are not mutually exclusive. Cox reasons it thusly:

> Cox had to pursue his right to benefits under the compensation Act [sic] to invoke the Act's protection. Once he did so and Conex retaliated against him, he had a claim for wrongful discrimination under the Act. The wrongful discrimination claim is dependent upon the worker's compensation claim.

Cox's argument as set out above is correct *as far as it goes*. It overlooks what we believe is the key phrase in the quote from *Massey*, "and must produce an independent, separate, and distinct injuries." *See Sowell v. Dresser Industries, Inc.*, 866 S.W.2d 803, 812 (Tex.App.—Beaumont 1993, writ denied).

In a case similar in nature to the one before us, *Nash v. Northland Communications Corp.*, 806 S.W.2d 952 (Tex.App.—Tyler 1991, writ denied), the plaintiff injured his back on the job, pursued and settled a workers' compensation claim, returned to work, was assigned more strenuous work, injured his back again, settled a second workers' compensation claim, and was subsequently fired while off work recuperating from the second injury. The plaintiff in *Nash* subsequently filed a discrimination lawsuit against his employer claiming the discrimination caused past and future damages of loss of wage-earning capacity, reasonable and necessary medical expenses, pain and suffering, mental anguish, physical impairment, and se-

vere emotional and mental distress. The trial court severed out and then granted partial summary judgment in favor of the employer with regard to the discrimination claims allegedly resulting in the second injury because plaintiff had already received workers' compensation benefits for those injuries. In affirming the trial court's grant of the partial summary judgment against the plaintiff, the Tyler Court reasoned as follows:

> The appellant is barred from asserting a [§ 451.001] discrimination claim for personal injuries received while digging the ditch because he has already recovered workers' compensation for these damages. He does not assert that the discriminatory ditch-digging assignment harmed him because it reduced his hours, wage rate or fringe benefits, or because it degraded him, or caused him any damage other than those related to his back injury for which he has already been compensated under the act. Those damages are separate and independent of the personal injury previously compensated under the Workers' Compensation Act. Such injuries are not present in the appellant's case. Instead, the damages that appellant seeks are for personal injuries that stem solely and inseparably from the back injury incurred during the ditch digging assignment. He is limited to one workers' compensation recovery for the same injury. Another recovery under the guise of a discrimination claim would be a double recovery under the act. Double recovery is not permitted. *K–Mart Corporation v. Martinez,* 761 S.W.2d 522, 524 (Tex. App.—Corpus Christi 1988, writ denied); *Hendon v. Glover,* 761 S.W.2d 120, 122 (Tex.App.—Beaumont 1988, writ denied).

*Id.* at 953.

In his brief, Cox argues that *Nash's* holding regarding "double recovery" is inapplicable to him because Cox "never filed a workers' compensation claim for his second injury he suffered on June 12, 1991.

The fact that the workers' compensation insurance carrier paid Cox benefits for the injuries caused by Conex's wrongful discrimination is irrelevant as these benefits fall far short of the full range of personal injury damages available by virtue of the anti-discrimination provision of the Act." We believe that Cox totally misplaces at least the spirit, if not the letter, of the holdings in *Massey* and *Nash.* In the first place, the fact that Cox did not make a separate claim for the June 12 injury seems to us to be of no consequence as Cox himself responded affirmatively that he had received "any and all benefits" that were available to him under the workers' compensation act for the injuries made the basis of the lawsuit, and that it was the June 12, 1991, injury, *not the May 31, 1991, injury,* that caused Cox to eventually develop R.S.D. In the second place, the record is absolutely silent as to whether the compensation insurance carrier segregated any payments to Cox for his May 31 injury versus his June 12 injury. In either instance, Cox's arguments have no merit when set against the essential holdings in *Massey* and *Nash.*

In the instant case, Cox has wholly failed to prove any "independent, separate, and distinct injuries" he sustained from the alleged discriminatory act or acts of Conex *and* for which he has not already received compensation benefits. As was observed in *Vickery v. Vickery,* 999 S.W.2d 342, 373 (Tex.1999):

> The purpose of election of remedies doctrine is to prevent double recovery for a single wrong. *Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 131 (Tex.App.—San Antonio 1987), *writ denied per curiam,* 758 S.W.2d 753 (Tex.1988). A plaintiff is entitled to one satisfaction for sustained injuries. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex. 1991). The "one satisfaction" rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury.

We do not believe that the holdings of *Massey* and *Nash* result in a total bar to recovery of physical impairment damages under § 451.001. We therefore are in agreement with the observation made in *Wal-Mart Stores, Inc. v. Holland,* 956 S.W.2d 590, 598 (Tex.App.—Tyler 1997), *rev'd on other grounds,* 1 S.W.3d 91 (Tex. 1999), that if wrongful discrimination causes physical impairment, but the discriminated party accepts a settlement pursuant to the workers' compensation act for that discrimination-caused physical impairment, he cannot then recover those same damages under § 451.001. Where we depart from the strict statement in *Holland,* and possibly from *Nash* as well, is that we are not limiting the estoppel or "double recovery" rationale to instances where the injured plaintiff has reached a settlement with his or her employer. We believe that accepting workers' compensation insurance benefits, and certainly continuing to accept such benefits up to and during trial, as Cox was doing, bars said plaintiff from any wrongful discrimination damages not fully separate and independent from the injury damages.

 Under a point of error questioning the denial of a motion for directed verdict, the appellant must show that the record contains evidence establishing the movant's position as a matter of law. *Harris Packaging Corp. v. Baker Concrete Const. Co.,* 982 S.W.2d 62, 65 (Tex.App.— Houston [1st Dist.] 1998, writ denied). A directed verdict is proper when: (1) a defect in an opponent's pleadings makes them insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence is insufficient to raise an issue of fact. *Id.* In the instant case, even taking as true that Cox proved Conex's acts discriminated against him to the point that he sustained the second hand injury, we find that Cox failed to present enough evidence to raise a fact issue on either of the following: (1) that he had not already received compensation for the second hand injury, or (2) that he sustained, apart from the second hand injury, another separate and independent injury traceable to Conex's discriminatory practices for which Cox had not already been compensated. We therefore sustain Conex's first two appellate issues. The trial court erred in failing to direct a verdict in favor of Conex because Cox was estopped from recovering any further damages for the injuries as they were submitted to the jury based upon the evidence in the record before us. We reverse the judgment of the trial court and render judgment that Cox recover no damages from Conex.

REVERSED AND RENDERED.

DON BURGESS, Justice, concurring.

I concur with the majority. Mr. Cox, under the case law and this record, was precluded from any further recovery once he accepted benefits under the workers' compensation plan. However, Mr. Cox was in a "no-win" situation if he was to receive the medical care he required. This is a problem our legislature should examine to preclude other workers from being placed in the same position.