Clarence TALLEY, Appellant,

v.

J. R. NALLEY, Appellee.

No. 3266.

Court of Civil Appeals of Texas.

Waco.

March 31, 1955.

Rehearing Denied April 21, 1955.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellee.

McDONALD, Chief Justice.

This is a suit growing out of the sale of an automobile. Parties will be referred to as in the trial court. The defendant, Talley Auto Company, sold the plaintiff, J. R. Nalley, a British made MG Roadster car, representing it to be a *1951 model.* Plaintiff Nalley traded in a used car on the MG Roadster as the down payment and signed an installment note for the balance of the price. Thereafter, when the title certificate was issued on the MG Roadster, it was designated as a *1950* model. Plaintiff tried to get defendant auto dealer to take the MG Roadster back, and give him the car he had traded in on it as well as the money he had paid on the MG. Defendant auto dealer refused to do this, whereupon plaintiff filed this suit, alleging the above, together with the fact that defendant auto dealer had fraudulently, wilfully and maliciously misrepresented the model of the car, and that plaintiff relied on the representation. Plaintiff's prayer reads as follows: *"Plaintiff demands judgment for rescission, now tendering said automobile to Defendant, and asks judgment for the return of the purchase price paid by him, rescission of the contract, damages, and exemplary damages."*

Defendant auto company, by cross action, sought to recover the balance due on the purchase note.

The evidence reflects that the difference in the ceiling price of a *1950* and *1951*

MG Roadster was $325; and further that plaintiff owed defendant $694 balance on the purchase price of the MG Roadster at the time that he stopped making payments on the car and filed this suit.

Trial was to a jury, which found that: 1) the MG Roadster was not a 1951 model; 2) Plaintiff was damaged in the amount of $325 by virtue of the fact that it was not a 1951 model; 3) and that the representation by defendant that the MG Roadster was a 1951 model was fraudulently made; 4) and was made in wilful disregard of the rights of the plaintiff; 5) and that $500 should be allowed as exemplary damages. Upon the foregoing verdict the trial court entered a judgment in favor of the Plaintiff for $800, and further provided that all relief sought by either party not herein granted was denied. Plaintiff filed a remittitur of $200.

Defendant auto company appeals to this court, contending that 1) the trial court erred in allowing plaintiff the remedies of both rescission and damages, and 2) the trial court erred in rendering judgment under which the plaintiff could keep the automobile without paying the balance on his purchase money note and also recover both compensatory and exemplary damages.

■ We are in accord with defendant's contentions. It is well settled that a party aggrieved by a fraudulent transaction has alternate remedies and may either rescind, or affirm the transaction and recover his damages. But he cannot do both; he cannot retain all the benefits of the transaction and escape all of the obligations. Certainly he may not rescind a sales contract so as to escape paying the balance of the consideration due, and at the same time affirm it so as to keep the purchased property, and then recover damages on top of that. Some of the authorities in keeping with the foregoing rules are: Andrews v. Powell, Tex.Civ.App., 242 S.W.2d 656; Cockburn v. Less, Tex.Civ.App., 257 S.W.

2d 470; Caldwell v. Dutton, 20 Tex.Civ. App. 369, 49 S.W. 723; 24 Am.Jur., Sec. 191; 18 Am.Jur., Sec. 32.

Under the trial court's judgment in the case at bar plaintiff was permitted to keep the MG car without paying the $694 balance due on the purchase price,—and at the same time recover compensatory and exemplary damages in the amount of $600.

■ If, in this case, plaintiff had established a cause of action for rescission, he would be entitled to escape payment of the balance due on the purchase price, but would have to return the MG Roadster to defendant; he would also be entitled to recover the payments he had already made. On the other hand, if he seeks enforcement of a cause of action for damages, the sale must be affirmed. Plaintiff can keep the car but would still owe the balance of the purchase price, subject only to an offset for the amount of damages he suffered, which the jury found to be $825. Under no theory is plaintiff entitled to the benefits of both rescission and affirmance with damages. This amounts to double recovery. Since the judgment of the trial court allowed plaintiff the benefits of both rescission and damages, we hold that the judgment is erroneous, for which reason the cause must be reversed.

Both plaintiff and defendant are in agreement that the judgment of the trial court as rendered cannot stand. Plaintiff, however, contends that the case is fully developed and that he is entitled to have this court render a judgment in his behalf for a rescission and for exemplary damages. We cannot agree with plaintiff's contention in this regard, and after careful consideration of the case, we conclude that the record as a whole is such that the ends of justice will be best served if the cause is remanded for another trial.

In keeping with the foregoing, the cause is accordingly reversed and remanded.