Pierce HENDON, Appellant,

v.

**Herbie GLOVER and Stella Glover Mabry, Appellees.**

**No. 09–86–198 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 10, 1988.

(Appellee's) Rehearing Denied Dec. 8, 1988.

(Appellant's) Rehearing Denied Dec. 12, 1988.

Thomas O. Moses, Evans, Moses & Barkley, Beaumont, for appellant.

Ervin A. Apffel, Jr., Otto D. Hewitt, III, McLeod, Alexander, Powel & Apffel, Galveston, for appellees.

## OPINION

DIES, Chief Justice.

In Jefferson County, Texas, Herbie Glover and Stella Glover Mabry, as plaintiffs, brought suit against Pierce Hendon, individually, "and as Trustee for certain others," alleging that the latter, on February 2, 1981, executed a real estate lien note for the principal amount of $90,000 payable to plaintiffs. They also alleged that by the terms of the note defendant (Hendon) was to pay to plaintiffs the sum of $3,000 on the first day of March, 1981, "and a like amount on the first day of each succeeding month until the entire principal balance of such note had been paid." Defendant made the first $3,000 payment due but no more. Plaintiffs sued for breach of contract, fraud, attorneys' fees, and interest (but not prejudgment interest).

The case was submitted to a jury which made the following answers:

1. That defendant Hendon breached the agreement with plaintiffs.
2. That plaintiffs suffered damages of $95,700 as a result of the breach.
3. That defendant committed actionable fraud.
4. But it was not intentionally committed.
5. That plaintiffs suffered damages of $53,000 for such actionable fraud.
6. Failed to find any exemplary damages.
7. Failed to find that plaintiffs represented that the McCullough lease was producing marketable oil when, in fact, it was not.
8. Failed to find that such representation was a producing cause of any damage to defendant Herndon.
9. Failed to find that the Glovers represented to Hendon that the Gilbert lease was producing marketable oil when, in fact, it was not.
10. That such was not the producing cause of any damage to Hendon.
11. That Hendon was entitled to no damages for the Gilbert lease or the McCullough lease.
12. That the Glovers did not knowingly engage in the conduct asked about in Issues 8 and 10.
13. Unanswered.
14. Failed to find that the Glovers breached the contract of sale by failing to produce and record a 75% assignment to the Gilbert lease

within thirty days from the execution of the contract of sale.

15. Unanswered.

16. That Hendon is entitled to a credit on the real estate lien note for the failure of the Glovers to procure and record a 75% net revenue interest on the Gilbert lease.

17. That the credit should be $25,000.

18. Failed to find Hendon was entitled to a credit of $50,000 for the "Roosterfish Interest."

19. Unanswered.

We apologize for lengthening this opinion by setting forth these jury findings, but we felt it was necessary to understand the contentions of the parties. And the issues themselves are often confusing. Some need not have been answered because of a previous answer, and in others the parties are incorrectly identified as "plaintiff" or "defendant." Much of this, no doubt, is due to the fact that there are two suits on file concerning these disputes, one in Hardin County and one in Jefferson County. In the Hardin County case, Hendon is plaintiff. In the Jefferson County case, the Glovers are plaintiffs. The attorneys for both sides agreed to try the first case reached for trial, which was the Jefferson County case, and which we now review.

On the verdict above set out, the trial court's judgment "concludes that judgment should be rendered against [Hendon] for the total sum of $203,651.58, representing the jury verdict of $148,700 less a credit of $25,000, plus an award of $79,951.51 in prejudgment interest." From this judgment, Hendon has appealed.

The parties will be referred to herein as the Glovers and Hendon.

■ The first point of error: "The trial court erred by awarding judgment for damages based upon fraud and breach of contract, because it amounted to a double recovery." We agree. In *Dallas Farm Machinery Company v. Reaves*, 158 Tex. 1, 307 S.W.2d 233 (1957), the Court said (307 S.W.2d at 238–239):

"[F]or it is well settled that one who is induced by fraud to enter into a contract has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind the contract, and return the thing bought and receive back what he paid." (citations omitted)

*See also Talley v. Nalley*, 277 S.W.2d 739, 740 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.):

"It is well settled that a party aggrieved by a fraudulent transaction has alternate remedies and may either rescind, or affirm the transaction and recover his damages. But he cannot do both; he cannot retain all the benefits of the transaction and escape all of the obligations...."

While the language of these cases does not exactly cover our situation, it does proclaim that an aggrieved party has but one remedy if that remedy makes him whole. Here, the Glovers were payee on a note, which itself provided the amount of interest and attorneys' fees. They did not sue to cancel the note and rescind the mineral leases. So, the additional damages for "actionable fraud" would be a double recovery, and not authorized under Texas cases. *See Burroughs Corp. v. Farmers Dairies*, 538 S.W.2d 809 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *Jones v. Rainey*, 168 S.W.2d 507 (Tex.Civ.App.—Texarkana 1942, writ ref'd). This point of error is sustained.

■ Points two and three contend there is no evidence supporting damages of fraud against Hendon. The contention made is that Hendon never intended to pay the note when he signed it. The Glovers have pointed to no evidence to support this contention. In addition, Hendon paid them $10,000 cash in addition to the note involved and made the first payment of $3,000. These points of error are sustained.

Point of error number four: "The trial court erred by entering a judgment against Appellant without giving a credit or offset for $50,000 received by Appellees [Glovers] from the Roosterfish Interest."

■ Sometime in 1981, the Glovers heard there was a drilling rig on the Sternenberg and the Kirby leases. Glover did find a rig

on the land and ordered it removed. This is a portion of the property covered by the real estate lien note. Glover was paid $50,000 by the "Roosterfish Interest," which he explained, so that he (Glover) would not shut down NRG during their drilling activities. NRG was the entity that had employed the Big 6 rig that Glover ordered removed, but NRG intended to drill on other Glover land not covered in the Hendon sale. The jury in Issue No. 18 failed to find for Hendon concerning this $50,000, and the agreement between NRG and the Glovers reserved any claim they might have against Hendon. So, this was an agreement completely between the Glovers and NRG. Hendon was not a party to it. If NRG made a bad deal, it is for them to complain. There was no oil or gas extracted before the rig was moved. This point is overruled.

 Point of error number five: "The trial court erred by entering judgment that improperly awarded prejudgment interest for attorneys' fees, or in the alternative, the trial court erred by improperly awarding double recovery for prejudgment interest." Prejudgment interest must be pleaded to be recoverable. *Vidor Walgreen Pharmacy v. Fisher*, 728 S.W.2d 353 (Tex. 1987). As noted above, it was not so pleaded here. Further, the note involved provided for 10% interest on the unpaid balance upon default, so *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex. 1985), does not apply. The note also provided for the amount of attorneys' fees payable. This point is sustained. This addresses point number six, and it is thus overruled.

Hendon has two other points which we find are without merit and they are overruled.

To recapitulate, we have found that the Glovers are due the amount now owed on the note ($87,000), attorneys' fees and interest provided in the note, minus the $25,000 credit found by the jury, and remand this cause to the trial court with instructions to so reform the judgment.

REVERSED AND REMANDED WITH INSTRUCTIONS.