# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-20235
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2026

Lyle W. Cayce
Clerk

ALETA RENEE CHAPMAN,

*Plaintiff—Appellant*,

*versus*

SELENE FINANCE, L.P.; U.S. BANK TRUST NATIONAL
ASSOCIATION, *Trustee for* RCF 2 ACQUISITION TRUST,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-3260

_____

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Aleta Renee Chapman appeals the dismissal of her civil action which contested a foreclosure sale on real property in Houston, Texas, on a theory that prior holders of the deed of trust for the property failed, in 2004 and 2008, to properly record the promissory note and deed, thereby rendering all subsequent assignments of the deed void and depriving Selene Finance LP,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20235

the current assignee, of authority to foreclose on the property. The district court dismissed Chapman's sole federal claim, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and her numerous factually intertwined state-law claims as barred by res judicata because Chapman sought to dispute the validity of prior assignments of the deed in question, the validity of which had already been established in two prior actions. *See generally* Fed. R. Civ. P. 12(b)(6). The court also denied Chapman leave to amend her complaint to cure her improperly pleaded claim of quiet title. We affirm.

As an initial matter, Chapman fails to address the district court's dismissal of her claims for breach of contract, violations of the FDCPA, slander of title, and civil conspiracy and related claims for declaratory or injunctive relief and has therefore waived any such challenges to the judgment. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). Additionally, we do not consider any issues that Chapman asserts for the first time on appeal, *see XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008), nor do we consider the arguments that Chapman raises for the first time in her reply brief, *see Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).

We review de novo the district court's decision to dismiss pursuant to Rule 12(b)(6). *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 313 (5th Cir. 2020). To that end, we review de novo the legal question of the res judicata effect of the prior judgments against Chapman, while we review the district court's factual findings on whether res judicata applies for clear error. *See Akuna Matata Invs., Ltd. v. Tex. Nom Ltd. P'ship*, 814 F.3d 277, 279 (5th Cir. 2016).

Chapman argues, as to the third element of the res judicata test, that the prior actions were not "concluded by a final judgment on the merits,"

*Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), because the prior rulings were procedural. Her argument on this point is wholly conclusory, *see DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018), and, in any event, is refuted by the record; the prior judgments clearly concluded, as a matter of law, that the subsequent assigns of the 2004 deed in question had clear title to the Houston property.

Chapman also contests the district court's determination, on the fourth res judicata element, that her complaint filed in the instant action involves the same claims or causes of action as her adversary action and her 2021 lawsuit, arguing that the present suit challenges the July 2024 foreclosure sale, which took place after the entry of the prior judgments. But the district court correctly decided that Chapman's instant complaint challenges the validity of the same 2004 deed and its various subsequent assignments as her prior actions, based on the same underlying claim that the holders of the 2004 deed failed to record it and, as a result, Chapman—and not the defendants—is the rightful owner of the Houston property. While the identity of the defendants may have changed over the previous decade, Chapman's arguments for relief and the relevant operative facts underlying her claim have not. The district court thus properly applied res judicata to bar Chapman's claims, including her wrongful foreclosure claim. *See Test Masters*, 428 F.3d at 571; *cf. Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313-14 (5th Cir. 2004); *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 386-88 (5th Cir. 2000).

In addition, Chapman contends that the district court, after dismissing her FDCPA claim, abused its discretion by continuing to exercise supplemental jurisdiction over her remaining state-law claims in lieu of remanding them to state court. A federal court "may decline" to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). A federal court's discretion in deciding whether to retain jurisdiction over state-law claims in that scenario is "wide" and "not lightly disturb[ed]" on appeal. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

Chapman relies on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), for the proposition that when a district court dismisses a plaintiff's federal claims, her state claims should ordinarily be remanded. *Cohill* established only that district courts have *discretion* to remand pendent state-law claims and discussed the preferred—but not mandatory—course of action in the "general" case. *See id.* at 351, 357. *Cohill* did not, as here, involve a federal claim dismissed based on res judicata. To that end, as discussed above, the district court correctly found that Chapman's FDCPA and state-law claims involved the same root legal issue and shared a common nucleus of operative facts. As such, if Chapman's FDCPA claim was barred by res judicata, so too were her factually intertwined state-law claims. The district court therefore did not abuse its discretion by adjudicating Chapman's state-law claims. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

Lastly, Chapman argues that the district court abused its discretion by denying her leave to amend her complaint to add a properly pleaded claim of quiet title. She fails to show an abuse of discretion, however, because the district court correctly determined that amendment would be futile. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378-79 (5th Cir. 2014).

The judgment is AFFIRMED.